KIEFFER *et ux.* v. SMITH, Sheriff, *et al.*

In order to relieve from liability an officer levying execution on live stock belonging, not to the execution debtor, but to a third person, there must be a formal release of the property by the officer, and an acceptance of it by the owner; and merely turning it back on the owner's range, without notice to him, is insufficient.

(Opinion filed February 4, 1903.)

16 S. D.—28

Appeal from circuit court, Meade county; Hon. JOSEPH B. MOORE, Judge.

Action by Matthias Kieffer and wife against John F. Smith, as sheriff of Meade county, ·and another. From a judgment for the plaintiffs and an order denying a new trial, defendants appeal. Affirmed.

*Chas. C. Polk* and *W. G. Rice,* for appellants.

*M. McMahon,* for respondent.

CORSON, J. This is an action by the plaintiffs to recover of the defendant, as sheriff of Meade county, and his surety, the sum of $332, for the value of ten head of live stock of which the plaintiffs claimed to be the owners. Verdict and judgment for the plaintiffs, and the defendants appeal.

It is claimed by the answer of the sheriff that he seized the said live stock, and sold a portion thereof. under and by virture of an execution in an action of Andrew J. Helms and Henry E. Perkins against Nick Kieffer, and that the said live stock was the property of the said Nick Kieffer. It appears from the record that the defendant Smith, as sheriff levied upon the ten head of live stock described in the complaint. It further appears that the sheriff sold under the execution only five head of the stock so levied upon, and that after satisfying his execution there remained a balance of $20, which he turned over to Mr. McMahon, attorney for the plaintiffs and also for Nick Kieffer. The appellants contend that the verdict should only have been for the value of the five head which had been sold by the sheriff, less the $20 so paid over to the plaintiffs, as they insist that it is shown by a preponderance of the evidence that the other five head not sold were returned to the plaintiffs.

It is not claimed by the appellants that the officer ever formally released the five head not sold, or that he ever in any manner notified the plaintiffs, Nick Kieffer, or their attorney, that they were released.    There was some evidence tending to prove that the five head not sold were returned to the plaintiffs' range, but there is no evidence that they ever accepted them.    The plaintiff, Matthias Kieffer admits that he had seen some of the cattle on his range, but he never knew that any of the animals had been released by the officer.    As the appellants do not on this appeal seriously question the ownership of the stock by the plaintiffs, we shall assume, for the purpose of this decision that the ten head of stock described in the complaint was the property of the plaintiffs.    The officer was therefore prima facie liable; and unless he could show by a preponderance of the evidence that a part of the stock had been returned to the plaintiffs, and accepted by them, the verdict of the jury was correct.    If, as an officer, he desired to return any of the property to the plaintiffs. he should have given them formal notice that he had released the same and secured their acceptance by the plaintiffs.    The act of taking by the officer being a tres pass,—he having no authority to seize the property of Matthias Kieffer and wife under an execution against Nick Kieffer,—the law holds him primarily liable for the value of the whole property taken    This seems to have been the view of the learned trial court.    While, as before stated, there was some evidence tending to prove that some of the property seized by the officer had been returned to the plaintiffs' range, there was no evidence proving or tending to prove that the plaintiffs had accepted such property, or in any manner released the officer from his liability.

Judgment of the circuit court, and order denying a new trial, are affirmed.